IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JO ETTA JACKSON**, Individually and as next friend of Kiedrick Crayton, Ethan Maxon, and Katelyn Maxon, and Ajia Sargent, Individually and as heirs of the estate of Fredrick Crayton, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:06-CV-0768-L **ECF** |
| **UNION PACIFIC RAILROAD COMPANY** and **PHILLIP JEROMY PARK**, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed May 17, 2006. After careful consideration of the motion, response, record, and applicable authority, the court **denies** Plaintiff's Motion to Remand.

**I. Background**

Plaintiff Jo Etta Jackson ("Plaintiff" or "Jackson") filed this action against Defendants Union Pacific Railroad Company ("Union Pacific") and Phillip Jeromy Park ("Park") (collectively, "Defendants") in the 40th Judicial District Court, Ellis County, Texas, on March 20, 2006. This lawsuit arises out of a collision in Ellis County between Fredrick Crayton's vehicle and a train owned by Union Pacific on January 5, 2006. Fredrick Crayton was severely injured and later died on January 11, 2006, as a result of the injuries sustained in the collision. Jackson, the mother of Decedent Fredrick Crayton, sued individually and as next friend of Decedent's four minor children:

Kiedrick Crayton, Ethan Maxon, Katelyn Maxon, and Ajia Sargent. She sues on behalf of each child individually and on behalf of each child as an heir of the estate of Fredrick Crayton.

On April 27, 2006, Union Pacific removed this action to federal court on grounds that diversity of citizenship exists between the parties, except for Defendant Park, and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiff has filed a motion to remand to state court, contending that this court lacks subject matter jurisdiction because complete diversity does not exist between the parties. Union Pacific contends that Park, a citizen of Texas, was improperly and fraudulently joined to defeat diversity. It contends that removal was therefore proper and that remand should be denied.

## II. Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 572. Accordingly, the court uses the term "improper joinder" in this opinion.

As the parties wishing to invoke federal jurisdiction by alleging improper joinder, Defendants must establish that Defendant Park was joined by Plaintiff Jackson to defeat diversity of citizenship and therefore subject matter jurisdiction. Subject matter jurisdiction based on diversity of citizenship exists only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated,

**Memorandum Opinion and Order - Page 2**

28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980).

To establish improper joinder, Union Pacific must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Union Pacific does not assert fraud by Plaintiff, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that Plaintiff can recover on any of his

**Memorandum Opinion and Order - Page 3**

claims, the case must be remanded. In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

### III. Analysis

In examining Plaintiff's Original Petition ("Petition"), arguably one could conclude that the allegations contained therein state claims of negligence against Park, the in-state defendant. Although, not a model of pellucid draftsmanship, the Petition states sufficient allegations from which there is a reasonable basis for predicting that state law might impose liability for negligence against Park. For example, the Petition alleges that "Defendant," among other things, failed to keep a proper lookout; that "Defendant" failed to provide, by the use of a bell or whistle, adequate or timely warnings of the train's approach to the railroad crossing; and that "Defendant" operated the train at an unsafe speed. Plaintiff's Original Petition at 5-6, § V (1), (5), (8). The court fully realizes that Plaintiff is not specific as to the identity of "Defendant"; however, a paragraph in the Petition

contains the following: "All Defendants are jointly referred to as "Defendant" or "Defendants." Plaintiff's Original Petition at 2. Moreover, the alleged acts in the Petition referenced by the court clearly refer to acts or omissions on the part of an individual rather than a corporate entity, as only a person could perform, or fail to perform, them in the context in which they are stated. The Petition thus survives a 12(b)(6) analysis with respect to Defendant Park.

As *Smallwood* teaches, the issue of improper joinder should ordinarily be resolved by a Rule 12(b)(6) analysis; however, this analysis is not always the end of the story. In those cases where a plaintiff has "misstated or omitted discrete facts," a court may go beyond the pleadings and conduct a summary inquiry to determine whether recovery would be precluded against the in-state defendant. 385 F.3d at 573. An example of when a summary inquiry would be appropriate is a situation in which "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12 (citation omitted). This case calls for the summary inquiry contemplated by *Smallwood*.

In this action, Union Pacific contends, and offers proof, that Defendant Park was the conductor of the train; that as a conductor, he was responsible for the cargo being transported by the train in question; that as a conductor, he was not operating the train locomotive at the time of the collision; and that at the time of the collision, the train was being operated by Brian Lee Hubbard, the train's engineer, who was responsible for operating the train. *See* Affidavit of Phillip Jeromy Park. Additionally, Park's affidavit states that he, as a member of Union Pacific's transportation department, has never had the responsibility of selecting, installing, designing, or maintaining railroad crossing signals or warning devices at such crossings. *Id*. at 2.

Plaintiff has misstated or omitted discrete facts that would ascertain whether improper joinder has occurred. Although Plaintiff contends in her motion to remand that Park was the driver or operator of the train locomotive at the time in question, there is no affidavit, declaration, or other summary-type evidence to support this contention. Likewise, there is no summary evidence submitted by Plaintiff to contradict or place into dispute Defendant Park's responsibilities and duties as an employee and conductor for Union Pacific. Union Pacific has presented evidence at this stage that clearly negates any fault on Park's part for injuries that Plaintiff suffered. Facts regarding the identity of the operator of the train locomotive and Defendant Park's duties and responsibilities as an employee of Union Pacific are undisputed and provide no basis for Plaintiff to recover against Park on a negligence claim.

### IV.  Conclusion

Under the discrete and undisputed facts, there is no reasonable basis for predicting that Plaintiff could recover under a theory of negligence against Defendant Park under Texas law. Defendant Park was therefore improperly joined to defeat jurisdiction. Accordingly, the court **denies** Plaintiff's Motion to Remand.

**It is so ordered** this 24th day of January, 2007.

Sam A. Lindsay
United States District Judge